O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY NEVAREZ JR.,<br><br>         Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>         Defendant. | Case No. SACV 11-1166 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

   The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**A.    Reversal is not warranted based on the ALJ's alleged failure to properly consider the opinion of plaintiff's treating psychiatrist (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's alleged rejection of the opinion of plaintiff's treating psychiatrist. (See Jt Stip at 3-8.)

The record indicates that Robin Campbell, plaintiff's case manager at College Community Services ("CCS"), completed an assessment stating that "[d]ue to irritability, impulsive decision making and violent outbursts, [plaintiff] is unable to obtain and maintain steady employment that will provide a source of income." (See AR 348.) Campbell signed the assessment on March 12, 2008, and a CCS physician signed it on April 8, 2008. (See AR 351.)

Preliminarily, the Court concurs with the Commissioner's argument, which plaintiff does not dispute, that Campbell's opinion was not entitled to the deference owed to that of a treating or examining physician because she was a case manager, which is not an acceptable medical source under the Commissioner's regulations. See 20 C.F.R. § 416.913(a). Nor was Campbell an acceptable medical source as part of an "interdisciplinary team" under Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996), because the record did not show that she worked closely under a physician's supervision or acted as a physician's agent. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (finding that nurse practitioner was not part of an interdisciplinary team because record did not show that she worked under a physician's close supervision). The fact that a CCS physician co-signed Campbell's assessment approximately three weeks after she wrote it does not establish that the assessment came from an acceptable medical source as part of an interdisciplinary team. See Ramirez v. Astrue, 803 F. Supp. 2d 1075, 1082 (C.D. Cal. 2011) (declining to attribute opinion of social worker as that of an acceptable medical source in absence of evidence of close working relationship with physician, despite the fact that physician co-signed assessment three weeks after social worker completed it).

Accordingly, Campbell was an "other source" under the Commissioner's regulations, and the ALJ therefore could properly reject her opinion for reasons germane to her assessment. See 20 C.F.R. § 416.913(d); see also Molina, 674 F.3d at 1111 ("The ALJ may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so.") (internal quotation marks omitted). The ALJ's stated reason for rejecting the assessment was that it concerned a determination reserved to the Commissioner and therefore would not be given any special significance. (See AR 16.) The Court finds that this reason was germane to Campbell's opinion. See 20 C.F.R. § 416.927(d)(1) (medical source opinion that claimant is disabled concerns issue reserved to Commissioner and therefore does not mean that a claimant will be found disabled); see also Belthius v. Astrue, 2011 WL 861905, at *3 (W.D. Wash. Feb. 15, 2011) (ALJ properly assigned little weight to chiropractor's opinion that plaintiff was disabled because it concerned issue reserved to Commissioner).

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider the CCS assessment.

**B.    Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's adverse credibility determination with respect to plaintiff. (See Jt Stip at 8-13.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject

the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Plaintiff testified that he was unable to work because of depression, mood swings, anxiety, isolation, and problems controlling his anger. Specifically, the crux of plaintiff's testimony was that he needed to avoid people in the workplace because he had problems controlling his anger toward them. (See AR 43-48.) Plaintiff also testified that he was limited to lifting no more than 50 pounds (see AR 39), and that he experienced shortness of breath and wheezing due to his asthma (see AR 47). On his adult function report, plaintiff indicated that he was limited to walking 1/2 mile at a time. (See AR 158.) The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (See AR 16.)

The Commissioner has cited various reasons to support the ALJ's adverse credibility determination, such as plaintiff's daily activities (see Jt Stip at 11-13), but the ALJ did not rely on those reasons, and the Court consequently is unable to consider them. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health and Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991). In fact, it appears that the only reason provided by the ALJ to support his adverse credibility determination was that plaintiff's "general claim of disabling symptoms is not supported by the record." (See AR 15-16.) Although an inconsistency between plaintiff's testimony and the objective medical evidence of record could constitute a reason on which the ALJ could properly rely in support of his adverse credibility

determination, see Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999), it cannot constitute the sole reason supporting the adverse credibility determination. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (lack of medical evidence cannot form sole basis for discounting testimony but is a factor that can be considered in credibility analysis).

Nonetheless, the ALJ's RFC assessment specifically accounted for the claimed symptoms attributable to plaintiff's anti-social personality and mood disorders by precluding plaintiff from "intense, interpersonal interaction" and restricting plaintiff to "object-oriented environments." (See AR 14.) The ALJ's RFC assessment also specifically accounted for plaintiff's allegations of racing thoughts, and difficulties with memory, comprehension, and concentration by restricting plaintiff to jobs involving "simple, repetitive tasks, in an object-oriented environment, with no intense, interpersonal interaction." (See id.) The ALJ's RFC assessment also specifically accounted for plaintiff's asthma and complaints of wheezing and shortness of breath by precluding plaintiff from "exposure to dust, fumes, and gases." (See id.) Further, the ALJ's RFC assessment also was consistent with plaintiff's allegations that he was limited to lifting no more than fifty pounds and walking a half mile before needing to rest; the ALJ limited him to "occasionally lifting and carrying fifty pounds and frequently lifting and carry twenty-five pounds," and to "sitting for six hours and standing or walking for six hours in an eight-hour work day." (See id.)

The vocational expert identified jobs (i.e., warehouse worker, kitchen helper, packer) that plaintiff could do despite the limitations imposed by the ALJ. (See AR 17, 57.) Accordingly, the Court finds that the ALJ's error in not providing sufficient reasons in support of his adverse credibility determination was harmless in that it was inconsequential to the ultimate determination of non-disability. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (errors in reaching adverse credibility determination were harmless because, inter alia, the RFC assessment was largely consistent with plaintiff's testimony); Barrow v. Astrue, 2011

5

1  WL 4500846, at *16-*17 (E.D. Cal. Sept. 27, 2011) (any error in reaching adverse
2  credibility determination was harmless because record confirmed that ALJ's RFC
3  determination accounted for the sorts of functional limitations plaintiff claimed he
4  had).
5        The Court therefore finds and concludes that reversal is not warranted based
6  on the ALJ's alleged failure to properly consider plaintiff's testimony.
7        *******************
8        IT THEREFORE IS ORDERED that Judgment be entered affirming the
9  decision of the Commissioner and dismissing this action with prejudice.

11  DATED: June 12, 2012

                                       ROBERT N. BLOCK
                                       UNITED STATES MAGISTRATE JUDGE